No. 24.—GILLIS & FERGUSON *v.* R. H. CUNY.

The appointment of an advocate to represent the absentee in an attachment suit may be made before service of citation.

APPEAL from the Twelfth District Court of the parish of Caldwell. *Crawford*, J.  *Thomas J. Hough*, for plaintiffs and appellants, *John Ray*, for defendant and appellee.

LUDELING, C. J.  A motion to dismiss this appeal has been made on the ground that the certificate of the clerk to the transcript filed in this court is defective, in this, that it does not certify that the record contains all the documents filed, evidence adduced and proceedings had *on the trial* of the case. The certificate is that "the foregoing is a true copy of all the proceedings had, all the documents filed and evidence adduced in the case of Gillis & Ferguson *v.* R. H. Cuny," etc. We think the certificate sufficient. If the certificate be true, all the proceedings had, documents filed and evidence adduced on the trial are contained in this record. The motion is refused.

The plaintiffs, alleging that the defendant was a non-resident, sued out an attachment against his property. The advocate appointed to represent the defendant filed an exception to the proceedings on the ground that the defendant had not been legally cited.

It appears that a copy of the petition, citation and writ of attachment were issued by the clerk in January, 1866, and that an inventory of property attached was made on the thirteenth of February, 1866.

There is nothing to show that the citation and attachment were served, and the sheriff who made the attachment having died, the plaintiffs caused another writ of attachment and citation to be issued on the twenty-eighth of September, 1866.

The second citation and writ of · attachment were served by the sheriff by posting them at the door of the court house. This was a compliance with the requirements of the law; and the defendant was constructively cited. C. P. article 254. The law does not declare that the appointment of an advocate before service of the citation shall be null, and we can not perceive any good reason for deciding the appointment void. The object of the law in requiring the appointment of an advocate to represent the absentee is that the legal rights of the defendant should be protected, and this object would be as well attained whether the appointment were before or after the posting of the citation.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be avoided and reversed, that the exception be overruled, and that this case be remanded to the District Court to be proceeded with according to law. It is further ordered that the appellee pay the costs of appeal.